```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

SCOTT CRAWLEY
                                            PRISONER
    V.                          CASE NO. 3:04cv1170 (JCH)(HBF)

MARK J. SIROIS, ET AL

## RULING AND ORDER

Pending before the court are plaintiff's motions for extension of time, for appointment of counsel and for miscellaneous relief. For the reasons set forth below, the motion for extension of time is granted and the motions for miscellaneous relief and for appointment of counsel are denied.

I.   Motion for Appointment of Counsel [doc. # 6]

The plaintiff seeks the appointment of pro bono counsel. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). In this instance, the plaintiff does not indicate even one attempt made in finding counsel on his own. The possibility that the plaintiff may be able to secure counsel independently precludes appointment of counsel by the court at this time. Any renewal of these motions shall be accompanied by a summary of the plaintiff's attempts to obtain counsel and the reasons why assistance was unavailable.

II.  <u>Motion for Extension of Time [doc. # 7]</u>

The plaintiff seeks an extension of time until July 8, 2005, to comply with the court's June 8, 2005 Order and an additional 120 days to effect service of the complaint on the defendants. The plaintiff's motion is granted.

III. <u>Motion for Alternative Address of Service [doc. # 8]</u>
     <u>Motion for Actual Certification of Service [doc. # 10]</u>

In his motions, the plaintiff asks the court to permit him to serve the defendants by sending a summons and copy of the complaint to the Attorney General for the State of Connecticut. None of the defendants are state employees. The defendants are municipal employees of the three towns in Connecticut. Thus, service of the complaint on the Attorney General for the State of Connecticut is not appropriate. The plaintiff's motions seeking to permit him to serve the defendants via the Attorney General's Office are denied.

The plaintiff sues the defendants in their individual and official capacities. Under Rule 4, Fed. R. Civ. P., a plaintiff may attempt to serve a defendant in a lawsuit, who is an individual, by mailing the defendant Notice of Lawsuit and Waiver of Service of Summons forms. Thus, the plaintiff does not need summons forms to serve the defendants in their individual capacities.

To serve the defendants in their official capacities, the plaintiff must look to Rule 4(j), Fed. R. Civ. P. Under that

rule,

> [s]ervice upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivery a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Fed. R. Civ. P. 4(j)  Connecticut General Statutes § 52-57 provides: that service upon a town shall be effected by leaving a copy of the summons and complaint with the "clerk, assistant clerk, manager or one of its selectman" and service upon a city shall be effected by leaving a copy of the summons and complaint with the "clerk or assistant clerk or upon its mayor or manager." Conn. Gen. Stat. § 52-57(b)(1) and (2).  Thus, to serve each defendant in his or her official capacity, the plaintiff must have an individual who is eighteen years of age or older and is not a party to this action deliver a summons and a copy of the complaint to either the chief executive officer of the town or city where that defendant works or to one of the persons designated by Conn. Gen. Stat. § 52-57(b)(1) and (2).  See Rule 4(c)(2), Fed. R. Civ. P.

Conclusion

The plaintiff's Motion for Appointment of Counsel [**doc. # 6**] is **DENIED**.  The Motion for Extension of Time [**doc. # 7**] to serve the defendants with a copy of the complaint is **GRANTED**.  The

plaintiff shall effect service of the complaint on the defendants within 120 days of the date of this order.  The Motion for Alternative Address of Service [**doc. # 8**] and  Motion for Actual Certification of Service [**doc. # 10**] are **DENIED**.

    The Clerk is directed to send the plaintiff seventeen summons forms.  The plaintiff shall complete the forms and submit them to the Clerk to be signed, sealed and issued.  The Clerk will then send the completed summons forms back the plaintiff to enable him to effect service of the complaint on the defendants in their official capacities.  The Clerk shall also send the plaintiff seventeen Notice of Lawsuit and Waiver of Service of Summons forms.  The plaintiff may complete the forms and then mail one Notice of Lawsuit and one Waiver of Service of Summons form with a copy of the complaint to each defendant in his or her individual capacity.

    **SO ORDERED** this 24th day of October, 2005 at Bridgeport, Connecticut.

                                               _____/s/_____

                                               Holly B. Fitzsimmons
                                               United States Magistrate Judge