UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT CRAWLEY | : | |
|     Plaintiff | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:04CV1170(JCH)(HBF) |
| | : | |
| MARK J. SIROIS, et al. | : | MARCH 22, 2007 |
|     Defendants | : | |

## RULING ON MOTION TO DISMISS

The plaintiff, Scott Crawley, brings this action pro se pursuant to 42 U.S.C. §§ 1981, 1982, 1983 and 1988, 18 U.S.C. §§ 242 and 3052, Article 1 of the Connecticut Constitution and Connecticut General Statutes § 54-36(h), against two officers of the Drug Enforcement Agency ("DEA") Task Force of Hartford, Connecticut, and various officers and officials of the East Hartford, Wethersfield and Manchester Police Departments. Pending before the court is a motion to dismiss filed by defendants Branon and Amato, both DEA Task Force Officers. For the reasons set forth below, the motion is granted in part.

## I. STANDARD OF REVIEW

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003). Dismissal is inappropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999); Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000). "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is

entitled to offer evidence to support the claims.'" York v. Assn. of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.) (quoting Scheuer, 416 U.S. at 236), cert. denied, 537 U.S. 1089 (2002).  In other words, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)).  However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted.  Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks and citation omitted).

## II.     FACTS[1]

On September 5, 2002, Amato, a Manchester Police Department Detective who had been assigned to the DEA Task Force in Hartford, contacted a detective from the Wethersfield Police Department.  Amato informed the Wethersfield detective that the DEA had received information that the plaintiff, who resided at 7 Spring Street in Wethersfield, was involved in the distribution of cocaine in the Hartford area and had recently received two kilos of cocaine.

At approximately 2:30 p.m. that same day, a police officer arrested the plaintiff in East Hartford after pulling him over for a motor vehicle violation.  The officer conducted a pat-down search of the plaintiff incident to the arrest and discovered cocaine in the

---

[1] The following facts relate to the plaintiff's claims against the moving defendants, Branon and Amato.  The court takes the facts alleged by the complaint as true for purposes of this motion and draws all responsible inferences in the plaintiff's favor.

plaintiff's possession. Officers transported the plaintiff to the East Hartford Police Station where they interviewed him, charged him with drug possession and motor vehicle violations and held him on $50,000.00 bond. During his interview, the plaintiff stated that he resided in Wethersfield, but occasionally stayed at 73 Stanley Street in East Hartford with his girlfriend, Denise Scruggs. Denise Scruggs was the owner of the dwelling located at 73 Stanley Street.

After learning that plaintiff sometimes resided at a dwelling in East Hartford, defendant Branon, an East Hartford Police Department Investigator who had been assigned to the DEA Task Force in Hartford, and other DEA Task Force Officers, conducted an unannounced, warrantless search of the dwelling located at 73 Stanley Street. Neither the plaintiff nor Ms. Scruggs consented to the search of the dwelling.

The Task Force Officers found currency in the amount of $2,960.00 and marijuana in a bedroom that had been occupied by the plaintiff. Officers released the plaintiff later that day after he posted bond. After his release on bond, defendant Branon and other DEA Officers surveilled the plaintiff as he traveled to Hartford, but later lost track of him.

Later that day, defendant Amato contacted police officers from the Wethersfield Police Department to inform them that the plaintiff had been arrested in East Hartford on motor vehicle and drug possession charges, but had been released on bond. On September 6, 2002, a Wethersfield Police Detective observed the plaintiff's car and the plaintiff leaving his Wethersfield residence. Another Wethersfield Police Officer stopped the plaintiff for driving with a suspended license, arrested him on that charge, searched him and the car, and found cocaine in the pocket of his pants and drug

paraphernalia in the car. The officer transported the plaintiff to the Wethersfield Police Station. A Wethersfield Police Lieutenant later charged the plaintiff with possession of narcotics, possession of narcotics with intent to sell one ounce or more of cocaine, possession of narcotics within 1500 feet of a school. Later that day, officers of the Wethersfield Police Department searched the plaintiff's Spring Street residence upon the consent of the owner of the dwelling and uncovered more cocaine and drug paraphernalia. A Wethersfield Police Lieutenant charged the plaintiff with one count of possession of narcotics and one count of possession of narcotics with intent to sell one ounce or more of cocaine.

## III.     DISCUSSION

Defendants Amato and Branon assert four grounds in support of their motion to dismiss. They argue that the plaintiff's claims against them in their official capacities are barred by the doctrine of sovereign immunity, that the plaintiff may not assert section 1983 claims against them because they are federal officers, that the allegations against them pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) fail to state a claim upon which relief may be granted because they are vague and conclusory, and that any Bivens claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

### A.     Official Capacity Claims

Defendants Amato and Branon argue that the court lacks subject matter jurisdiction over the claims against them in their official capacity. In response, the plaintiff concedes that the claims against defendants in their official capacities should be dismissed. Accordingly, the motion to dismiss is granted absent objection as to the

4

claims against defendants Amato and Branon in their official capacities.

B. <u>Section 1983 Claims</u>

Defendants Amato and Branon contend that the claims asserted against them pursuant to 42 U.S.C. § 1983 must be dismissed because they are not state actors. To state a claim for relief under section 1983, the plaintiff must allege that a person is acting under color of state law. See <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 930 (1982); <u>Washington v. James</u>, 782 F.2d 1134, 1138 (2d Cir. 1986). A section 1983 action is not cognizable against the defendants Amato and Branon because they are officers of a federal agency whose actions do not constitute actions taken "under color of state law" as required by 42 U.S.C. § 1983. See <u>Powell v. Kopman</u>, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (federal government exempt from the proscriptions of section 1983; that section does not permit relief against federal officers for action taken under color of federal law). Thus, the motion to dismiss is granted as to any claims brought pursuant to 42 U.S.C. § 1983.

The Second Circuit has held, however, that where a section 1983 action is brought against a federal official, the court should construe the claim as an action brought pursuant to <u>Bivens</u>, 403 U.S. 388. See <u>Robinson v. Overseas Military Sales Corp.</u>, 21 F.3d 502, 510 (2d Cir. 1994) (Section 1983 claim asserted against federal agency and federal officials should be construed as a <u>Bivens</u> claim). In <u>Bivens</u>, the Supreme Court held that federal officials may be sued for damages in their individual capacities for the violation of a person's constitutional rights. Thus, a <u>Bivens</u> action is the nonstatutory, federal counterpart of a civil rights action pursuant to 42 U.S.C. § 1983. See <u>Ellis v. Blum</u>, 643 F.2d 68, 84 (2d Cir. 1981). Accordingly, the court

construes the plaintiff's complaint as raising a claim against defendants Amato and Branon pursuant to Bivens.

  C.  Bivens Claims Against Defendants in Their Individual Capacities

The moving defendants argue that the plaintiff's allegations against them should be dismissed because they are conclusory and lack any factual support. They also argue that the claims against them are barred by the Supreme Court's decision in Heck.

  1.  Conclusory Claims

The court liberally construes the allegations as setting forth a claim against both defendant Branon and Amato. The plaintiff alleges that on September 5, 2002, police officers pulled him over as he was driving down Burnside Avenue in East Hartford solely because he was an African-American. The officers searched him, discovered cocaine in his pockets, and arrested him. When the officers learned that the plaintiff occasionally resided in a residence in East Hartford with his girlfriend, defendant Branon illegally searched the dwelling and seized items within the dwelling without consent. The plaintiff alleges that defendant Branon subsequently conspired with East Hartford Police officers to issue false and inconsistent police reports/statements regarding the search of the dwelling.

The plaintiff asserts that because of his race, defendant Amato arranged to have defendant Branon and other DEA Task Force Officers conduct surveillance of him after his release on bond from the East Hartford Police Station, contacted officers in the Wethersfield Police Department regarding his alleged prior drug related activities to arrange to have him arrested on September 6, 2002, and conspired with a detective from the Wethersfield Police Department to charge him with drug possession after his

arrest on September 6, 2002 and to seize his Cadillac Eldorado in violation of a state forfeiture statute.

The plaintiff's allegations provide sufficient "details of time and place" to permit the defendants "to prepare their defense." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993). Accordingly, the motion to dismiss is denied on the ground that plaintiff's allegations are too vague or conclusory.

### 2. Claims Barred by Heck

In the alternative, the defendants argue that the plaintiff's claims regarding the allegedly unlawful search of the dwelling in East Hartford, the surveillance of him by the DEA after his release on bond by the East Hartford Police Department, and his arrest and seizure of his vehicle in Wethersfield the following day is barred by the Supreme Court's decision in Heck .

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is not cognizable under [section] 1983. Thus, when a state prisoner seeks damages in a [section] 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted). Although Heck involved a section 1983

claim, the Second Circuit has held that the rationale of Heck applies equally to Bivens actions such as plaintiff's. See Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir.1995).

The plaintiff does not allege that he was convicted pursuant to either the September 5, 2002 or September 6, 2002 arrests. Defendants Amato and Branon attach Judgment Mittimuses with offense dates of September 5 and 6, 2002, to their motion to dismiss as evidence that the plaintiff was convicted of the offenses for which he was arrested on those dates.

The court is not normally entitled to consider documents submitted by the defense on a motion to dismiss unless the court notifies the parties that it intends to treat the motion as one for summary judgment. See Fed. R. Civ. P. 12(c). The court may, however, consider matters of which judicial notice may be taken. See Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir.1993). Rule 201(b) of Federal Rules of Evidence provides, in pertinent part, that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. of Evid. 201(b). The fact of plaintiff's convictions is capable of determination by sources whose accuracy cannot reasonably be questioned. See State v. Crawley, Docket No. HHB-CR02-204495-T (Judgment Mittimus) (Dec. 12, 2003); State v. Crawley, Docket No. H15N-CR02-206292-S (Judgment Mittimus) (Dec. 12, 2003); State v. Crawley, Docket No. H12M-CR02-185248 (Judgment Mittimus) (June 3, 2004); State v. Crawley, Docket No. MV-02-383935 (Judgment Mittimus) (June 3, 2004); and State v. Crawley, 93 Conn. App. 548, 889 A.2d 930 (2006) (affirming plaintiff's

convictions on two counts of possession of narcotics with intent to sell pursuant to his arrest on September 6, 2002). In addition, the plaintiff concedes in his "Objection to Motion to Dismiss" that he was convicted in state court. See Plaintiff's Memorandum in Opposition to Motion to Dismiss [Doc. No. 25] at 4. Accordingly, this court may and will take judicial notice of the Judgment Mittimuses for the limited purpose of recognizing that the plaintiff was convicted of certain offenses stemming from his arrests on September 5 and 6, 2002.

Two of the Mittimuses include an offense date of September 5, 2002 and reflect that in the Connecticut Superior Court for the Judicial District of Manchester, Geographical Area 12, the plaintiff was convicted of one count of possession of narcotics with intent to sell by a person who is not drug-dependent in violation of Connecticut General Statutes § 21a-278(b) and one count of driving with a suspended license in violation of Connecticut General Statutes § 14-215. The second and third Mittimuses, relating to the September 6, 2002 offense date, reflect that in the Connecticut Superior Court for the Judicial District of Hartford at New Britain, the plaintiff was convicted of two counts of possession of narcotics with intent to sell by a person who is not drug-dependent in violation of Connecticut General Statutes § 21a-278(b).

The plaintiff alleges that, after his arrest on drug possession charges on September 5, 2002, defendant Branon unlawfully searched his girlfriend's apartment located on Stanley Street in East Hartford. A jury convicted the plaintiff of one count of possession of narcotics with intent to sell by a person who is not drug-dependent in violation of Connecticut General Statutes § 21a-278(b) pursuant to his arrest on

9

September 5, 2002. It is not clear from the face of the complaint whether or not the evidence obtained from the allegedly unconstitutional search of the Stanley Street residence by defendant Branon, which occurred after the plaintiff's initial arrest on drug possession charges, was necessary to support the plaintiff's conviction. See Heck, 512 U.S. at 487, n.7 (noting that claims of unreasonable search and seizure, even if successful, "may not necessarily imply" that a subsequent "conviction was unlawful".) Assuming the allegations in the complaint to be true, and reading those allegations in the light most favorable to the plaintiff, the court cannot conclude that a determination that defendant Branon's search of plaintiff's girlfriend's residence violated the Fourth Amendment would "necessarily imply the invalidity of [plaintiff's] conviction or sentence," as required under Heck 512 U.S. at 487. Accordingly, the Motion to Dismiss is denied on the ground that Heck bars the claims against defendant Branon involving the alleged unlawful search of the Stanley Street residence.

The plaintiff claims that defendant Amato engaged in racial profiling on September 5, 2002, when he directed defendant Branon and other members of the DEA Task Force to conduct surveillance of him after he was released from East Hartford Police custody and on September 6, 2002 when he contacted and conspired with Wethersfield Police Officers and Detectives to have him pulled over on a false traffic violation, searched, and arrested on drug possession charges without probable cause. The plaintiff alleges no facts to suggest that defendant Amato was involved in the subsequent search of plaintiff's Wethersfield residence by Wethersfield police officers. Officers seized drugs and drug paraphernalia from the residence. A jury convicted the plaintiff of one count of possession of narcotics with intent to sell relating

to drugs seized from his pockets after he was pulled over for an alleged traffic violation. See Crawley, 93 Conn. App. at 555-56 889, A.2d at 935-36.

A judgment in favor of the plaintiff as to the claims against defendant Amato would imply the invalidity of his conviction for possession of narcotics with intent to sell because plaintiff's racial profiling claim alleges that he was pulled over, he was searched, drugs were seized and he was arrested without probable cause. See Gibson v. Superintendent of N.J. Dep't of Law, 411 F.3d 427, 451-52 (3d Cir.2005) (stop based solely on pattern and practice of racial profiling, without any reasonable suspicion, is unlawful and evidence is excludable, and thus implies conviction was improper triggering Heck bar); Allen v. LaPorte, No. 02-CV-71361-DT, 2002 WL 1009563, at *1 (E.D. Mich. April 16, 2002) (holding Heck barred plaintiff's "racial profiling and Terry stop claims, inasmuch as those claims addresses the validity of his arrest and related state criminal proceedings."). The court concludes that the Bivens claims against defendant Amato are barred by Heck. The motion to dismiss is granted as to Bivens claims against defendant Amato in his individual capacity.

## IV. CONCLUSION

The Motion to Dismiss filed by defendants Branon and Amato [**Doc. No. #21**], is **GRANTED** as to all official capacity claims, all Section 1983 claims and the Bivens claims against defendant Amato, but is **DENIED** as to all Bivens claims against defendant Branon in his individual capacity. In addition, the claims pursuant to 42 U.S.C. §§ 1981, 1982 and 1988, 18 U.S.C. §§ 242 and 3052, Article 1 of the Connecticut Constitution and Connecticut General Statutes § 54-36(h) remain pending

against defendants Branon and Amato because they were not addressed in their motion to dismiss.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 22nd day of March, 2007.


    /s/ Janet C. Hall
Janet C. Hall
United States District Judge